1
**SINNETT LAW, APC.**
Wayne A. Sinnett (SBN: 302987)
2
ws@sinlegal.com
3
444 West C Street, Suite 230
San Diego, CA 92101
4
Tel: (619) 752-0703
5
Fax: (619) 330-2120

6
*Attorney for Plaintiff*

7

8
                 **UNITED STATES DISTRICT COURT**
9
                 **CENTRAL DISTRICT OF CALIFORNIA**
10

11
**RICHARD WASHINGTON,** an
individual,
12

13
                Plaintiff,
14

15
                v.
16

17

18
**CITY TITLE LOAN, LLC.; ALL
AMERICAN RECOVERY, INC.;
19
RELIANT GENERAL
INSURANCE SERVICES, INC.;
20
OCCIDENTAL FIRE &
CASUALTY COMPANY OF
21
NORTH CAROLINA, INC.; and
SAFEROAD INSURANCE
22
SERVICES, INC.**
23

24

25
                Defendants.
26

27

28

**Case No.: 2:16-CV-5427**

**COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF FOR
VIOLATIONS OF:**

1. **THE CALIFORNIA IDENTITY
   THEFT ACT, CAL. CIV. CODE
   § 1798.93, ET SEQ.;**

2. **THE FAIR DEBT
   COLLECTION PRACTICES
   ACT, 15 U.S.C. § 1692, ET SEQ.;**

3. **THE ROSENTHAL FAIR DEBT
   COLLECTION PRACTICES
   ACT, CAL. CIV. CODE § 1788,
   ET SEQ.**

**JURY TRIAL DEMANDED**

---

**COMPLAINT**                                          PAGE 1 OF 13

## INTRODUCTION

1. Plaintiff, RICHARD WASHINGTON, ("Plaintiff") is a victim of identity theft. On or about October of 2015, an unknown individual took out a car title loan for $7,500 in Plaintiff's name using Plaintiff's vehicle as collateral.

2. Plaintiff never authorized this loan in any way. In fact, Plaintiff was unaware of the loan's existence until his vehicle was repossessed on March 25, 2016, approximately six months later.

3. After learning he was a victim of identity theft, Plaintiff immediately filed a police report. [Sheriff's Dept. Report No. 916045372663444].

4. On May 31, 2016, Plaintiff sent each Defendant a written dispute (which included the police report) stating that he was a victim of identity theft.

5. Defendants ignored these disputes maintaining their interest in debts that are the product of identity theft. Defendants have also retained Plaintiff's vehicle for months after they were advised they had no contractual or legal authority to do so.

6. As alleged herein, Defendants repeatedly refused to investigate Plaintiff's claims of identity theft and have instead repeatedly attempted to pursue debts which are the product of identity theft in violation of: (i) The California Identity Theft Act, ("CITA") Cal. Civ. Code § 1798.93, *et seq*.; (ii) The Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq*.; and (iii) The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq*.

7. Plaintiff alleges the following upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorney.

8. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

///

9.  Unless otherwise stated, Plaintiff alleges any violations by Defendants were knowing and intentional, and Defendants did not maintain procedures reasonably adapted to avoid such violations.

10.  Unless otherwise indicated, any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

11.  Unless otherwise stated, all the conduct engaged in by Defendants occurred in the State of California.

12.  Unless otherwise stated, any reference to "Defendants" shall refer to all Defendants named in this action.

13.  At all times relevant, Plaintiff was an individual residing within the State of California.

14.  All correspondence referenced herein was send to Plaintiff at an address located within the State of California.

## PARTIES

15.  Plaintiff, RICHARD WASHINGTON, ("Plaintiff") is a natural person who resides in the City of Littlerock, County of Los Angles, State of California, from whom a debt collector sought to collect a consumer debt, which was due and owing, or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16.  In addition, Plaintiff is a "victim of identity theft" as that term is defined by Cal. Civ. Code § 1798.92(d).

17.  Defendant, CITY TITLE LOAN, LLC, ("CITY LOAN") is a California limited liability.

18.  CITY LOAN, regularly and in the ordinary course of business, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b) and is

therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c). Such debt collection is conducted upon debts or alleged debts that are in default at the time of said collection activities.

19. CITY LOAN purports to have a claim for, and/or has attempted to collect, money or an interest in property in connection with a transaction procured through identity theft and is therefore a "claimant" as that term is defined by Cal. Civ. Code § 1798.92(a).

20. Defendant, ALL AMERICAN RECOVERY, INC., ("AMERICAN RECOVERY") is an California corporation.

21. AMERICAN RECOVERY, is a person who uses the instrumentalities of interstate commerce or the mails in their business, the principle purpose of which is the enforcement of security interests, and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

22. AMERICAN RECOVERY, purports to have a claim for, and/or has attempted to collect, money or an interest in property in connection with a transaction procured through identity theft and is therefore a "claimant" as that term is defined by Cal. Civ. Code § 1798.92(a).

23. Defendant, RELIANT GENERAL INSURANCE SERVICES, INC., ("RELIANT") is a California corporation.

24. RELIANT, regularly and in the ordinary course of business, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b) and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c). Such debt collection is conducted upon debts or alleged debts that are in default at the time of said collection activities.

25. RELIANT purports to have a claim for, and/or has attempted to collect, money or an interest in property in connection with a transaction procured through identity theft and is therefore a "claimant" as that term is defined by Cal. Civ. Code § 1798.92(a).

26.  Defendant, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, INC., ("OCCIDENTAL") is an North Carolina corporation.

27.  OCCIDENTAL purports to have a claim for, and/or has attempted to collect, money or an interest in property in connection with a transaction procured through identity theft and is therefore a "claimant" as that term is defined by Cal. Civ. Code § 1798.92(a).

28.  Defendant, SAFEROAD INSURANCE SERVICES, INC, ("SAFEROAD") is a California corporation.

29.  SAFEROAD purports to have a claim for, and/or has attempted to collect, money or an interest in property in connection with a transaction procured through identity theft and is therefore a "claimant" as that term is defined by Cal. Civ. Code § 1798.92(a).

30.  This case involves money, property, or their equivalent, due or owing or alleged to be due or owing, from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## JURISDICTION AND VENUE

31.  This action arises out of Defendants' violations of: (i) The California Identity Theft Act, ("CITA") Cal. Civ. Code § 1798.93, et seq.; (ii) The Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq*.; and (iii) The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq*.

32.  Therefore, jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k and 28 U.S.C. § 1367 for supplemental state law claims.

33.  The Court has personal jurisdiction over Defendants as Defendants conduct business within the State of California and have purposefully availed themselves of the laws and markets of the State of California and this district.

34.  Venue is proper in the United States District Court, Central District of

California pursuant to 28 U.S.C. § 1391 as: (i) Plaintiff resides in the County of Los Angles, State of California, which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

## GENERAL FACTUAL ALLEGATIONS

35. On or about October of 2015, an unknown individual took out a car title loan for $7,500 in Plaintiff's name using Plaintiff's vehicle as collateral (the "Loan Debt"). This individual also took out an insurance policy for Plaintiff's vehicle (the "Insurance Debt" or collectively as the "Debts").

36. Plaintiff never authorized the loan or the insurance policy in any way. In fact, Plaintiff was unaware of the loan's existence until his vehicle was repossessed on or about March 25, 2016, approximately six months later.

37. After learning he was a victim of identity theft, Plaintiff immediately filed a police report. [Sheriff's Dept. Report No. 916045372663444].

38. On May 31, 2016, Plaintiff sent each Defendant a written dispute letter (which included the police report) stating that he was a victim of identity theft with respect to the Loan Debt and the Insurance Debt.

39. All of the dispute letters were sent via certified mail and all of the dispute letters were received by June 7, 2016.

40. Defendants ignored these disputes maintaining their interest in Debts that are the product of identity theft. Therefore, Defendants purport to have a claim for, and/or has attempted to collect, money or an interest in property in connection with a transaction procured through identity theft and are therefore "claimant[s]" as that term is defined by Cal. Civ. Code § 1798.92(a).

## FACTUAL ALLEGATIONS PERTAINING TO THE
## LOAN DEBT

41. CITY LOAN directed AMERICAN RECOVERY to repossess and hold Plaintiff's vehicle pursuant to a purported loan and security interested that is the product of identity theft.

42. However, Plaintiff does not owe the Loan Debt nor is there an enforceable security interest with respect to Plaintiff's vehicle as: (i) Plaintiff was not a party to the car title loan or any related contract; (ii) Plaintiff did not sing any contract or security interest with CITY LOAN; (iii) Plaintiff does not owe any debt to CITY LOAN; (iv) Plaintiff did not authorize anyone to use his name or identity to contract with CITY LOAN for any purpose; (v) CITY LOAN and AMERICAN RECOVERY do not possess any valid security interested with respect to Plaintiff's vehicle (a Toyota Camery); and (vi) the car title loan and the Loan Debt are the product of identity theft.

43. Plaintiff has disputed the Loan Debt with CITY LOAN by telephone and has sent a written dispute letter to CITY LOAN and AMERICAN RECOVERY claiming to be the victim of identity theft with respect to the Loan Debt.

44. CITY LOAN and AMERICAN RECOVERY have disregarded these disputes and have continued to maintain the debt is valid and enforceable. Further, CITY LOAN has directed AMERICAN RECOVERY to retain possession of Plaintiff's vehicle which remains in the custody and/or control of AMERICAN RECOVERY through the date of this action being filed.

45. Therefore, CITY LOAN and AMERICAN RECOVERY purport to have a claim for, and/or have attempted to collect, money or an interest in property in connection with a transaction procured through identity theft and are therefore "claimant[s]" as that term is defined by Cal. Civ. Code § 1798.92(a).

46. AMERICAN RECOVERY is a vehicle repossession company. Plaintiff alleges on information and belief that AMERIAN RECOVERY uses interstate roads to enforce security interests though the repossession of vehicles.

47. AMERICAN RECOVERY also uses the U.S. Mail system to send written corresponded to enforce security interests though the repossession of vehicles. AMERICAN RECOVERY send Plaintiff such a letter on March 25, 2016.

///

---

**COMPLAINT**

48. On March 25, 2016, at the direction of CITY LOAN, AMERICAN RECOVERY repossessed Plaintiffs vehicle. At the time of the repossession neither CITY LOAN nor AMERICAN RECOVERY had a valid or enforceable security interest with respect to Plaintiff's vehicle. In fact, CITY LOAN and AMERICAN RECOVERY had *never* had valid or enforceable security interest with respect to Plaintiff's vehicle.

49. Through this conduct, CITY LOAN and AMERICAN RECOVERY violated: (i) 15 U.S.C. § 1692f(6) by taking or threatening to take any nonjudicial action to effect disposition or disablement of property without a present right to possession of the property claimed as collateral though an enforceable security interest. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, CITY LOAN also violated Cal. Civ. Code § 1788.17.

## FACTUAL ALLEGATIONS PERTAINING TO THE
## INSURANCE DEBT

50. On or about December of 2015, on behalf of OCCIDENTAL and SAFEROAD, RELIANT sent Plaintiff a letter demanding payment of $105.18 for the Insurance Debt. The letter also stated there was a "balance" of $508.83 with respect to the Insurance Debt.

51. However, Plaintiff does not owe the Insurance Debt as: (i) Plaintiff was not a party to the any contract for insurance services with OCCIDENTAL, SAFEROAD or RELIANT; (ii) Plaintiff did not sing any contract with OCCIDENTAL, SAFEROAD or RELIANT; (iii) Plaintiff does not owe any debt to OCCIDENTAL, SAFEROAD or RELIANT; (iv) Plaintiff did not authorize anyone to use his name or identity to contract with OCCIDENTAL, SAFEROAD or RELIANT for any purpose; and (v) the Insurance Debt is the product of identity theft.

52. Though sending the letter demanding payment RELIANT violated: (i) 15 U.S.C. § 1692e by making false, deceptive, or misleading representations in

connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount, or legal status of a debt; (iii) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; (iv) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt; and (v) 15 U.S.C. § 1692f(1) by attempting to collect an amount not expressly authorized by the agreement creating the debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, RELIANT also violated Cal. Civ. Code § 1788.17.

53. Plaintiff sent written dispute letters to OCCIDENTAL, SAFEROAD and RELIANT claiming that he was the victim of identity theft with respect to the Insurance debt. OCCIDENTAL, SAFEROAD and RELIANT ignored these disputes maintaining their claim and/or interest in the Insurance debt.

54. Therefore, OCCIDENTAL, SAFEROAD and RELIANT purport to have a claim for, and/or have attempted to collect, money or an interest in property in connection with a transaction procured through identity theft and are therefore "claimant[s]" as that term is defined by Cal. Civ. Code § 1798.92(a).

### FIRST CAUSE OF ACTION FOR VIOLATIONS OF
### THE CALIFORNIA IDENTITY THEFT ACT
### ("CITA") CAL. CIV. CODE § 1798.93, ET SEQ.
### [AGAINST ALL DEFENDANTS]

55. Plaintiff incorporates, by reference, all of the above paragraphs of this Complaint as though fully stated herein.

56. The foregoing acts and omissions constitute numerous and multiple violations of the CITA.

57. Plaintiff brings this cause of action pursuant to Cal. Civ. § 1798.93. Plaintiff is the victim of identity theft in connection with the alleged claims of Defendants based upon alleged debts resulting from identity theft.

58. Plaintiff has provided written notice to Defendants that a situation of identity theft may exist with respect to the Loan Debt and the Insurance Debt. Defendants have failed to diligently investigate Plaintiff's notifications of identity theft. Defendants have continued to pursue its alleged claim against Plaintiff after they were presented with the facts that entitle Plaintiff to a judgment pursuant to Cal. Civ. § 1798.93.

59. As a result of each and every violation of the CITA, Plaintiff is entitled to actual damages pursuant to Cal. Civ. Code § 1798.93(a)(5); attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5); any equitable relief the court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5); and a civil penalty, in addition to any other damages, of up to $30,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1798.93(c)(6).

60. In addition, plaintiff is entitled to a declaration that he is not obligated to Defendants on any claim under Cal. Civ. Code § 1798.93(c)(1); a declaration that any security interest or other interest Defendants purportedly obtained in the Plaintiff's property in connection with the claim is void and unenforceable, under Cal. Civ. Code § 1798.93(c)(2); an injunction retraining Defendants from collecting or attempting to collect on the claim, from enforcing or attempting to enforce any security interest or other interest in Plaintiff's property in connection with the claim, or from enforcing or executing on any judgment against Plaintiff on the claim under Cal. Civ. Code § 1798.93(c)(3); and the dismissal of any cause of action based on a claim, which arose because of identity theft under Cal. Civ. Code § 1798.93(c)(4).

## SECOND CAUSE OF ACTION FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") 15 U.S.C. § 1692 ET SEQ. [AGAINST AMERICAN RECOVERY]

///

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*

63. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of up to $1,000.00 from each defendant pursuant to 15 U.S.C. § 1692k(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

### THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT ("RFDCPA") CAL. CIV. CODE § 1788, ET SEQ.
### [AGAINST CITY LOAN AND RELIANT]

64. Plaintiff incorporates, by reference, all of the above paragraphs of this Complaint as though fully stated herein.

65. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

66. Cal. Civ. Code § 1788.17 incorporates the FDCPA (15 U.S.C. § 1692b through 1692j). Therefore, each of stated violations of the FDCPA also constitutes a violation of the RFDCPA (Cal. Civ. Code § 1788.17).

67. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for knowing or willful violations in the amount of up to $1,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

///

///

COMPLAINT                                                      PAGE 11 OF 13

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, according to such causes of action stated against each Defendant, as follows:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1798.93(c)(5);

- An award of any equitable relief the Court deems appropriate, pursuant to Cal. Civ. Code § 1798.93(c)(5);

- A civil penalty of up to $30,000.00, pursuant to Cal. Civ. Code § 1798.98(c)(5) from each Defendant;

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1798.93(c)(5);

- A declaration that Plaintiff is not obligated to Defendants on any claims pursuant to Cal. Civ. Code § 1798.93(c)(1);

- A declaration that any security interest, or other interest, Defendants purportedly obtained in Plaintiff's property, in connection with any claim, is void and unenforceable pursuant to Cal. Civ. Code § 1798.93(c)(2);

- An injunction retraining Defendants from collecting or attempting to collect on the claim, from enforcing or attempting to enforce any security interest or other interest in Plaintiff's property in connection with the claim, or from enforcing or executing on any judgment against Plaintiff on the claim pursuant to Cal. Civ. Code § 1798.93(c)(3);

- The dismissal of any cause of action filed based on a claim, which arose as a result of identity theft pursuant to Cal. Civ. Code § 1798.93(c)(4);

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

- An award of statutory damages of $1,000.00, from each Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3),

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);

- An award of statutory damages of $1,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1788.30(b);

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);

- That the Court preliminarily and permanently enjoin Defendants from engaging in the unlawful debt collection practices stated herein;

- Any and all other relief that this Court deems just and proper.

Dated: July 20, 2016                              Respectfully submitted,

                                        **SINNETT LAW, APC.**

                                        BY: /S/ WAYNE A. SINNETT
                                        WAYNE A. SINNETT, ESQ.
                                        ATTORNEY FOR PLAINTIFF

## TRIAL BY JURY

68.   Pursuant to the Seventh Amendment in the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: July 20, 2016                              Respectfully submitted,

                                        **SINNETT LAW, APC.**

                                        BY: /S/ WAYNE A. SINNETT
                                        WAYNE A. SINNETT, ESQ.
                                        ATTORNEY FOR PLAINTIFF